UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT DAKIN | * | CIVIL ACTION NO. 25-2159 |
| | * | |
| | * | SECTION: "G"(1) |
| VERSUS | * | |
| | * | JUDGE NANNETTE JOLIVETTE BROWN |
| TAYLOR-SEIDENBACH, INC., ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is plaintiff's Motion for Leave to File Second Amended and Restated Complaint (Rec. Doc. 21). For the following reasons, the Motion is GRANTED; the Second Amended and Restated Complaint shall be entered into the record.

Background

In his original state court Petition, plaintiff Robert Dakin alleges that he was diagnosed with malignant chronic silicosis in September 2024 as a result of his exposure to asbestos and asbestos-containing products designed by Taylor-Seidenbach, Inc. He then filed a First Amended Petition, alleging instead that he was diagnosed with malignant lung cancer as a direct result of having been exposed to silica and silica containing products. Rec. Doc. 1-3, at ¶¶6-7. Nonetheless, he also alleged in paragraph 4 that the defendants contributed to his "exposure to asbestos and subsequent contraction of chronic silicosis." Id. ¶4. He named Mississippi Valley Silica Company, Wood Resources, LLC, Aetna Life & Casualty Company as Insurer for Jahncke Service(s), Inc., the Quikrete Companies, and Southern Silica of Louisiana, Inc. as silica miners, manufacturers, sellers, supplies, contractors, or distributors (and their insurers). He named Huntington Ingalls, Inc., f/k/a Northrop Grumman Ship Systems, Inc. f/k/a Avondale Industries, Inc. ("Avondale"), Dixie Machine Welding & Metal Works, Inc., Bollinger Shipyards, Hartford Accident and

1

Indemnity Company, the Travelers Indemnity Company, and Certain Underwriters at Lloyd's London, as employers, executive officers, or premises owners (and their insurers). Id. ¶2. He alleged that Avondale violated the safety standards promulgated in the Walsh Healey Public Contracts Act ("Walsh Healey Act"). Id. ¶12(J).

Avondale removed the action on October 17, 2025, alleging this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) because Avondale was acting pursuant to a contract withthe United States at all relevant times. It observed that Mr. Dakin alleged both exposure to asbestos and silica, which caused his chronic silicosis and lung cancer.

Mr. Dakin now moves for leave to file a Second Amended and Restated Complaint. He submits that the reference to asbestos exposure in paragraph 4 of the First Amended Petition was a typographical error. He seeks to change "asbestos" to "silica," and to add that "[n]o asbestos-related claim is being made." He also seeks to change the reference to "malignant lung cancer" in paragraph 6 to "chronic silicosis." However, he still alleges that he contracted malignant lung cancer in paragraph 7 of the proposed pleading. Mr. Dakin argues that the typographical error referencing asbestos exposure was the entire reason this matter was removed. He submits that if the Second Amended Complaint is entered, he will move to remand.

Avondale opposes. It argues that Mr. Dakin is engaged in gamesmanship by trying to seek remand but leaving the door open to later assert an asbestos-related claim agaisnt Avondale for his alleged lung cancer once the case is back in state court. It argues further that the Second Amended Complaint would not divest this court of jurisdiction because Mr. Dakin has not dismissed Taylor-Seidenbach and because he still alleges that Avondale violated the Walsh Healy Act (which Avondale says only applies if it was acting pursuant to a contract with the U.S. government such that 28 U.S.C. § 1442(a)(1) is triggered). Moreover, it insists that "a post-removal amendment

2

deleting claims justifying removal does not mandate remand." <u>Rivera v. Huntington Ingalls, Inc.</u>, No. CV 18-6795, 2018 WL 4579826, at *6 (E.D. La. Sept. 25, 2018).

In reply, Mr. Dakin insists that he is not attempting to manipulate or bait-and-switch and assert asbestos-related disease at a later date. He attaches his medical records, which reflect a diagnosis for silicosis, which he says "is not an asbestos related illness." Further, he argues that the post-removal amendment/remand cases cited by Avondale are not applicable here.

<u>Law and Analysis</u>

1. *Standard for Granting Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 177 (5th Cir. 2016) (quoting <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003).

*2. Analysis*

Avondale argues that Mr. Dakin should not be allowed to amend his complaint because he is only doing so to divest this Court of jurisdiction. But it also argues that the amended complaint will not succeed in divesting this Court of jurisdiction. Avondale does not dispute Mr. Dakin's assertion that his inclusion of "asbestos exposure" was a typographical error. It argues that Mr. Dakin will later amend his complaint again to allege asbestos exposure.

The Court finds that the interests of justice require that Mr. Dakin be granted leave to amend. He seeks to remove his asbestos exposure claim. Whatever the impact on this Court's jurisdiction, the amendment is not futile in the sense that the Second Amended Complaint does not state a claim. Trial has not been set and there has been no undue delay. Nor can the Court conclude that Mr. Dakin is in bad faith. He represents, and it appears to be true, that the continued reference to asbestos in the First Amended Petition was a typographical error.

Whether the Court retains jurisdiction over the Second Amended Complaint in light of the remaining allegations and the case law cited by Avondale is an issue that will be decided on Mr. Dakin's forthcoming Motion for Remand. And, if Mr. Dakin later seeks to amend his complaint to assert asbestos exposure related claims against Avondale, the applicable court(s) will decide at that time whether he will be allowed to do so and what the impact on jurisdiction will be.

## Conclusion

The Court finds no substantial reason to deny leave to amend and holds that it is in the interest of justice to grant leave to amend. Accordingly, plaintiff's Motion for Leave to File Second Amended and Restated Complaint (Rec. Doc. 21) is GRANTED; the Second Amended and Restated Complaint shall be entered into the record.

New Orleans, Louisiana, this 18th day of February, 2026.

                                                                              */s/ Janis van Meerveld*
                                                                                    Janis van Meerveld
                                                                        United States Magistrate Judge